# SUPREME JUDICIAL COURՐ

FOR THE

COUNTY OF BERKSHIRE, SEPTEMBER TERM 1845,
AT LENOX.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, ⎫
Hon. CHARLES A. DEWEY, ⎬ Justices
Hon. SAMUEL HUBBARD, ⎭

---

COMMONWEALTH *vs.* KENDALL BAIRD.

A., who had been arrested and carried before a justice of the peace, was ordered to recognize, with sureties, to appear at a future day and abide said justice's order, and was committed to jail for not recognizing : Two magistrates afterwards took A.'s recognizance, with sureties, for his appearance, &c., pursuant to said justice's order, and A. was thereupon released from imprisonment; but he did not appear before the justice according to the conditions of his recognizance. The magistrates did not return the recognizance to the justice, but returned it to the court of common pleas held next after A.'s default. *Held,* that no action could be maintained on the recognizance.

SCIRE FACIAS on the recognizance hereinafter mentioned. The case was submitted to the court of common pleas, at the last June term, on the following facts agreed :

On the 5th of April 1844, a justice of the peace in this county issued a warrant against Orris Leach, upon a complaint charging him with having uttered and passed as true, in the State of Connecticut, certain counterfeit bank bills, and also

with having fled from said State into this county, and being a fugitive from justice. Leach was arrested on said warrant, and brought before said justice, who, after examination, was of opinion that there was reasonable cause to believe the charge in the complaint to be true, and that said Leach might be lawfully demanded of the governor of this Commonwealth by the governor of the State of Connecticut. Said Leach was thereupon ordered to recognize, with sufficient sureties, to appear before said justice, at his office in Otis, on the 22d of said April, at one o'clock, P. M., to abide his order in said case. Said Leach, not complying with this order, was committed, on a warrant issued by said justice, to the county jail in Lenox, where he remained until the 16th of said April, when he entered into a recognizance, before two justices of the peace and of the quorum, with Hiram Leach and Kendall Baird, as his sureties, who acknowledged themselves to be jointly and severally indebted to the Commonwealth in the sum of $300. The condition of this recognizance was, that said Orris Leach should personally appear before L. Filley, Esq. on the 22d day of April 1844, at his office in Otis, at one o'clock P. M., then and there to be subject to a requisition or warrant of the governor of this Commonwealth, on the application of the governor of the State of Connecticut, to answer to a complaint of Henry B. Lyman, of New Hartford in Connecticut, which complaint was made to said Filley, on the 5th of April 1844, against Orris Leach and one Cornelius F. Backus, for uttering and passing as true, in the State of Connecticut, counterfeit bank bills, with intent to defraud, &c., and on which complaint said Orris was, by said Filley, committed to the jail in Lenox, on the 8th of said April.

After entering into the recognizance, said Orris was released from imprisonment, but did not appear before said justice, at the time appointed. The justice sent up to the court of common pleas a copy of his record, at the term of the court, held next after said 22d of April 1844; and the justices, who took the recognizance, returned it to the court of common pleas, at the same term, without having returned it to said Filley,

and it remains on the files of said court. The sureties have never been defaulted.

The court of common pleas rendered judgment for the Commonwealth, and the defendant appealed.

*Bishop & G. J. Tucker*, for the defendant.

*Porter*, (District Attorney,) for the Commonwealth.

DEWEY, J. The objection to the regularity of the proceedings in the present case, arising from the failure of the magistrates who took the recognizance to return it to the justice before whom Orris Leach, the principal in the recognizance, was bound to appear, in order that the principal and sureties might be defaulted thereon, and these proceedings be transmitted to the court of common pleas, and there be entered of record before the issuing of a *scire facias*, is, we think, well taken, and must prevail. The proper course to be pursued in such cases seems to be well settled, and distinctly marked out, in several cases found in our reports. The case of *Johnson* v. *Randall*, 7 Mass. 340, assumes the rule to be, that justices of the peace, taking recognizances for the appearance of a party before another tribunal, must return them to the court where the principal recognizor is to appear, and if defaulted there, by reason of non-appearance before such tribunal, that court, in case it has not jurisdiction to issue *scire facias* and render judgment thereon, will certify all the previous proceedings, including the taking of the recognizance and the default thereon, to such other court as has further jurisdiction thereon. The cases of *Commonwealth* v. *Gordon*, 15 Pick. 197, and *Commonwealth* v. *M'Neill*, 19 Pick. 127, are to the same effect. All these cases seem to require, as a part of the proceedings requisite to charge the recognizors, that such recognizance be returned, in the first instance, to the court or magistrate before whom the principal is bound to appear.

The Rev. Sts. *c.* 135, § 30, have made no other change in these proceedings, besides that of providing that the omission to note or record the default shall not be a bar to the maintaining of an action on such recognizance. It is still necessary that such recognizance be returned to the magistrate; and

the party must, in fact, make default in the performance of the condition thereof.

A *scire facias* on a recognizance can only issue from the court to which these proceedings are all properly certified, where the tribunal before which the party was to appear has not jurisdiction in proceedings on *scire facias*. But there was nothing upon the record of the court of common pleas, and nothing had been certified to that court, authorizing the issuing of a *scire facias*. The recognizance was returned there, but not through the proper channel, nor accompanied by any record showing that it had been previously returned to the justice before whom the party had recognized to appear. It is conceded, in point of fact, that it had not been thus returned, but was sent, by the magistrates who took it, directly to the court of common pleas. This was irregular, and for this cause the defence to the action is well maintained.

*Judgment for the defendant.*